Henry L. HOWARD, et al., Plaintiffs,

v.

UNITED STATES, Defendant.

No. 94S00–1106–CQ–333.

Supreme Court of Indiana.

June 23, 2011.

### *PUBLISHED ORDER ACCEPTING CERTIFIED QUESTION*

The United States Court of Federal Claims has certified a question of Indiana state law for this Court's consideration. The question arises in *Howard v. United States,* —— Cl.Ct. ——, 2011 WL 2120526 (2011). The question, as framed by the Court of Claims, is:

> "Under Indiana law, are railbanking and interim trail use pursuant to 16 U.S.C. § 1247(d) uses that are within the scope of the easements acquired by the railroad companies either by prescription, condemnation, or the deed at issue; and if either is not within the scope of the easements originally acquired, is railbanking with the interim tr[ai]l use a shifting public use?"

The certified question, which each member of this Court has considered, is hereby ACCEPTED pursuant to Indiana Appellate Rule 64.

The Court further directs as follows:

a) There shall be **simultaneous and consolidated briefing** in this matter. The respective sides in the federal case are each allowed a single main

brief and a single response brief. The plaintiffs' briefs shall be bound with blue covers; the defendants' briefs with red covers. The two main briefs shall, to the extent reasonably practicable, conform to the provisions of Indiana Appellate Rule 46(A), and may not exceed **8400 words,** exclusive of the items listed in Indiana Appellate Rule 44(C). The two response briefs may not exceed **2400 words,** exclusive of the items listed in Indiana Appellate Rule 44(C). The two main briefs and the appendix must be filed by **Monday, July 25, 2011.** The two response briefs must be filed by **Monday, August 15,2011.**

b) Except to the extent this order directs otherwise, the four briefs shall substantially conform to the provisions of Indiana Appellate Rules 43 and 44. The briefs shall be accompanied by the verified statement of word count referred to in Indiana Appellate Rule 44(F).

c) In addition, an **appendix** shall be filed containing copies of documents from the federal court case that the parties believe are necessary or helpful for deciding the questions, including, as applicable, the items listed in Indiana Appellate Rule 50. Although the cover of the appendix shall be blue and labeled "Plaintiff's Appendix," it is anticipated that the parties will confer and agree on the materials to be included in the appendix. The parties should avoid unnecessary inclusion in the appendix of "memorandums of law" filed in the district court, since all necessary legal arguments should be presented to this Court in the briefs described in the preceding paragraph.

d) The original and eight copies of each brief, the original appendix, and any other filings in this matter shall be filed with the Clerk of the Indiana Supreme Court.

e) The parties shall file appearance forms within thirty (30) days of this order or contemporaneously with the first document filed by the appearing party, whichever comes first, as required by Appellate Rule 16(C). The appearance forms shall include electronic mail addresses for each attorney appearing in this case. These e-mail addresses shall be used for transmission of all orders, opinions, and notices from the Clerk of this Court. *See* Ind. Appellate Rule 26.

f) Any attorney wishing to appear in this proceeding who has not been admitted to practice law in Indiana must comply with Indiana Admission & Discipline Rule 3, section 2, concerning temporary admission. The Court informs counsel that complying with Rule 3, section 2's requirements for temporary admission can, for some, prove somewhat time-consuming; therefore, affected counsel are encouraged to undertake meeting those requirements as soon as possible.

g) Extensions of time will be granted only in **truly extraordinary circumstances** and any motion seeking an extension of time must be made jointly by the parties. Failure by a party's counsel to comply with the requirements for temporary admission will not provide sufficient grounds for extending any deadline in this matter.

An order scheduling oral argument in this matter shall be issued at a later date.

The Clerk is directed to send a copy of this order to the Hon. Marian Blank Horn, Judge of the United States Court of Claims; to Hazel C. Keahey, Clerk of the United States Court of Federal Claims; to

Brent W. Baldwin, Steven M. Wald, and J. Robert Sears, BAKER STERCHI COWDEN & RICE, L.L.C., 1010 Market Street, Suite 950, St. Louis, MO 63102–1708; to Thomas S. Stewart and Elizabeth G. McCulley, BAKER STERCHI COWDEN & RICE, LLC, 2400 Pershing Rd., Suite 500, Kansas City, MO 64108; to Alan S. Townsend and Bryan H. Babb, BOSE McKINNEY & EVANS LLP, 111 Monument Circle, Suite 2700, Indianapolis, IN 46204; to Ignacia S. Moreno and Lary Cook Larsen, U.S. Department of Justice, Environmental and Natural Resource Div., Natural Resource Section, P.O. Box 663, Washington, D.C. 20044; and to the Supreme Court Administration Office. The Clerk is also directed to post this order to the Court's website, and Thomson Reuters is directed to publish this order in the bound volumes this Court's decisions.